IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02871-BNB
(**The above civil action number must appear on all future papers
 sent to the Court in this action.  Failure to include this number
 may result in a delay in the consideration of your claims.**)

JUSTIN EUGENE BARNES,

    Plaintiff,

v.

COLORADO MENTAL HEALTH INSTITUTE IN PUEBLO,
CLAUDE BLEVINS, Patient,
BIRGIT FISHER, Superintendent, Institute of Mental Health in Pueblo, and
UNNAMED STAFF MEMBERS WARD E-1,

    Defendants.

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND
FILE AMENDED COMPLAINT THAT COMPLIES WITH RULE 8

Plaintiff, Justin Eugene Barnes, currently is confined at the Colorado Mental Health Institute in Pueblo, Colorado.  Mr. Barnes initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages.  As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the documents are deficient as described in this order.  Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this order must include the civil action number noted above in the caption of this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X    is not submitted (must use the Court's current Prisoner's Motion and
           Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form revised

|      |     | 10/01/12 with Authorization and Certificate of Prison Official) |
|------|-----|---|
| (2)  | __  | is missing affidavit |
| (3)  | X   | is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing |
| (4)  | __  | is missing certificate showing current balance in prison account |
| (5)  | __  | is missing required financial information |
| (6)  | __  | is missing an original signature by the prisoner |
| (7)  | __  | is not on proper form |
| (8)  | __  | names in caption do not match names in caption of complaint, petition or habeas application |
| (9)  | __  | An original and a copy have not been received by the Court. Only an original has been received. |
| (10) | X   | other: Plaintiff may pay $400.00 (the $350.00 filing fee plus a $50.00 administrative fee) in lieu of filing a § 1915 Motion and Affidavit and a certified copy of his six months' trust fund statement. |

**Complaint, Petition or Application**:

| (11) | __ | is not submitted |
|------|----|---|
| (12) | __ | is not on proper form |
| (13) | __ | is missing an original signature by the prisoner |
| (14) | __ | is missing page no. __ |
| (15) | __ | uses et al. instead of listing all parties in caption |
| (16) | __ | An original and a copy have not been received by the Court. Only an original has been received. |
| (17) | __ | Sufficient copies to serve each defendant/respondent have not been received by the Court. |
| (18) | __ | names in caption do not match names in text |
| (19) | __ | other: |

The Court must construe the Complaint liberally because Mr. Barnes is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Barnes will be ordered to file an amended Prisoner Complaint if he wishes to pursue his claims in this action.

Mr. Barnes many not sue the Colorado Mental Health Institute in Pueblo for money damages. The State of Colorado and its entities are protected by Eleventh

2

Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Mr. Barnes also may not sue Claude Blevins, another patient at the Colorado Mental Health Institute who allegedly attacked Plaintiff in a transport van from the Adams County Jail to the mental health institute. Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mr. Barnes does not allege facts indicating that Mr. Blevins acted under color of state law.

Mr. Barnes complains that on July 4, 2014, he was assaulted by Mr. Blevins, who allegedly delivered full-force blows to Mr. Barnes' right temple, causing him pain over the right side of his head and face and causing him difficulty in opening his mouth. He

3

also complains that staff at the mental health institute was negligent by putting Mr. Blevins in restraints and placing him back on the same ward on the same day instead of moving him to another area of the institute or "tak[ing] him to jail." ECF No. 1 at 5.

The amended Prisoner Complaint Mr. Barnes will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to state a claim in federal court, Mr. Barnes "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir.

2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.").  Therefore, Mr. Barnes should name as defendants in the amended Prisoner Complaint only those persons that he contends actually violated his federal constitutional rights.

Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Barnes must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to supervisory officials, a defendant, such as Birgit Fisher, superintendent of the Institute of Mental Health in Pueblo, may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

>  when a plaintiff sues an official under *Bivens* [*v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),] or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Mr. Barnes may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals, such as the unnamed staff members in Ward E-1, who allegedly violated his rights. However, if Mr. Barnes uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Accordingly, it is

ORDERED that Plaintiff, Justin Eugene Barnes, cure the designated deficiencies and file **within thirty (30) days from the date of this order** an amended Prisoner Complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure as discussed in this order. Any papers that Plaintiff files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Plaintiff shall obtain (with the assistance of his case manager or the facility's legal assistant) the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and shall use those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to cure the designated deficiencies or file an amended Prisoner Complaint as directed **within thirty days from the date of this order**, certain claims against certain defendants, or the entire Prisoner Complaint and action, may be dismissed without further notice.

DATED October 23, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge