IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02871-GPG

JUSTIN EUGENE BARNES,

    Plaintiff,

v.

COLORADO MENTAL HEALTH INSTITUTE IN PUEBLO,
CLAUDE BLEVINS, Patient,
BIRGIT FISHER, Superintendent, Institute of Mental Health in Pueblo, and
UNNAMED STAFF MEMBERS WARD E-1,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Justin Eugene Barnes, was confined at the Colorado Mental Health Institute in Pueblo, Colorado, when he initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 for money damages.  The Court reviewed the Prisoner Complaint and determined it was deficient.  Therefore, on October 23, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 3) directing Mr. Barnes to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.  The copy of the October 23 order mailed to Mr. Barnes was returned to the Court as undeliverable on November 4, 2014.  *See* ECF No. 4.

    The October 23 order pointed out that Mr. Barnes failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the current form revised

October 1, 2012, with an authorization and certificate of prison official.  The October 23 order also pointed out that Mr. Barnes failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.  The October 23 order directed Mr. Barnes to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, and to use those forms in curing the designated deficiencies and in filing a Prisoner Complaint that sued the proper parties, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and alleged each Defendant's personal participation in the alleged constitutional violations.  The October 23 order warned him that if he failed to cure the designated deficiencies or file an amended Prisoner Complaint as directed within thirty days, the action may be dismissed without prejudice and without further notice.  On November 4, 2014, the October 23 order was returned to the Court as undeliverable.  *See* ECF No. 4.

Mr. Barnes has failed within the time allowed to cure the designated deficiencies, file an amended Prisoner Complaint as directed, or otherwise communicate with the Court in any way.  Therefore, the action will be dismissed without prejudice for Mr. Barnes' failure to cure the designated deficiencies and file an amended Prisoner Complaint as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Barnes files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Justin Eugene Barnes, to cure the deficiencies designated in the order to cure of October 23, 2014, and file an amended Prisoner Complaint as directed within the time allowed, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  3rd  day of    December   , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK
Senior Judge, United States District Court